1  VARMA & CLANCY
   Attorneys at Law
2  Bob N. Varma (SBN 173508)
   Geralyn M. Clancy (SBN 173401)
3  5217 Orchid Ranch Way
   Elk Grove, CA 95757
4  Phone: (916) 687-3703
   Fax: (916) 687-3706
5  email: bvarma@varmaclancy.com

6

7  Attorneys for
   Katherine G.

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 KATHERINE G., A minor,            CASE NO.
   By and Through CYNTHIA G.,
13 Her Guardian Ad Litem,            COMPLAINT FOR ATTORNEY'S FEES
                                     AND COSTS
14         Plaintiff,                [20 U.S.C. § 1415]

15 v.

16
   KENTFIELD SCHOOL DISTRICT,
17 MARIN COUNTY OFFICE OF
   EDUCATION, and DOES 1-25,
18         Defendants.
   _____/
19
       NOW COMES Plaintiff KATHERINE G., a minor by and through CYNTHIA G., her
20
   Guardian Ad Litem, for a complaint against Defendants KENTFIELD SCHOOL DISTRICT
21
   ("DISTRICT"), and MARIN COUNTY OFFICE OF EDUCATION ("COUNTY") and alleges as
22
   follows:
23
                       PRELIMINARY STATEMENT
24
       1.  This action is brought pursuant to Section 1415(i)(3) of Title 20 of the United States
25
   Code, also referred to as the Individuals With Disabilities Education Act (*hereinafter* "IDEA").
26
   (*See generally* 20 U.S.C. §§ 1400 *et seq.*).  Plaintiff is entitled to a recovery of reasonable
27

28
   Katherine G. v. Kentfield School District et.al.; Case No. Unassigned
   Complaint
                                   Page 1

1   attorney's fees and costs incurred in the prosecution and defense of an administrative action and

2   subsequent appeals under the IDEA, as discussed below.

3                                    JURISDICTION AND VENUE

4           2.   This action arises under the laws of the United States.  Jurisdiction is conferred on

5   this Court pursuant to 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331.

6           3.   Venue is proper in this Court under 28 U.S.C. § 1391(b).  Defendants reside within

7   the County of Marin, in the Northern District of California, and all of the events that are the

8   subject of this complaint took place within the Northern District of California.

9                                              PARTIES

10          4.   Plaintiff is a citizen of the United States.  Plaintiff resides in Manchester, New

11  Hampshire.  For all relevant periods Plaintiff has and continues to have claims against

12  Defendants under the IDEA.

13          5.   The DISTRICT and COUNTY, are public entities organized and existing under the

14  laws of the State of California, with the capacity to be sued.  The DISTRICT and COUNTY

15  receive federal funds from the United States Department of Education pursuant to IDEA, and are

16  required to provide a free and appropriate public education in the least restrictive environment to

17  all disabled children whose parents reside within the DISTRICT's and COUNTY's educational

18  boundaries.

19                                STATUTORY SCHEME UNDER IDEA

20          6.   IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-

21  142) was adopted in 1975 to ensure that all children with qualifying disabilities receive a public

22  school education.  In the most recent revisions to the IDEA, Congress found that, "Before the

23  date of the enactment of the Education for all Handicapped Children Act of 1975 . . . the

24  educational needs of millions of children with disabilities were not being fully met because . . .

25  the children did not receive appropriate educational services; . . . the children were excluded

26  entirely from the public school system and from being educated with peers; . . . undiagnosed

27  disabilities prevented the children from having a successful educational experience; or . . . a lack

28

of adequate resources within the public school system forced families to find services outside the public school system." (20 U.S.C. § 1400(c)(2)(B-D).)  Therefore, Congress adopted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment and independent living." (20 U.S.C. § 1400(d)(1)(A).)

7.  Educational programs for handicapped children are designed and implemented through Individualized Education Programs (IEPs) which contain, among other things, statements of the following: the child's present levels of educational performances, annual goals and short term objectives, and the specific educational services to be provided to the child and the extent to which the child will be educated in regular education programs.  (20 U.S.C. § 1414(d).)  In addition, Congress required that educational programs for handicapped children be implemented, to the maximum extent appropriate, in the regular educational environment and that no handicapped child be removed to special classes or separate schools, unless, with the use of supplementary aids and services, the child cannot be educated satisfactorily in the regular education environment.  (20 U.S.C. § 1412(a)(5).)

8.  Pursuant to 20 U.S.C. § 1415(b)(6), whenever a parent disagrees with a proposed individualized education program, for example, the parent may file a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child.  Pursuant to 20 U.S.C. § 1415(f)(1), whenever such a complaint has been received, the parent shall have an opportunity for an impartial due process hearing which shall be conducted by the State education agency.  As required by IDEA, at the time of the administrative hearing relevant to this matter, California had established an impartial due process hearing procedure through contract with the Special Education Hearing Office, Institute for Administrative Justice, McGeorge School of Law,

Sacramento, California[1].

9. If a party is aggrieved by the decision of the administrative hearing officer, that party may appeal the decision as an original civil action in any State court of competent jurisdiction or in a district court of the United States.  (20 U.S.C. § 1415(i)(2)(A).)

10. Pursuant to the IDEA a parent may recover reasonable attorney's fees and costs if they prevail in the administrative proceedings, or in the appeal.  Said costs are to determined and awarded by the district courts of the United States.  (20 U.S.C. § 1415(i)(3)(A)-(F).)

STATEMENT OF RELEVANT FACTS

11. CYNTHIA G. and JAMES G., as the parents of Plaintiff, disagreed with the DISTRICT and COUNTY as to what constituted a free, appropriate public education for KATHERINE G. during the 1999-2000 and 2000-2001 school years, including the summer school terms of 2000 and 2001.

12. CYNTHIA G. and JAMES G. also had a dispute with the DISTRICT and COUNTY over compensatory services for the denial of services and reimbursement for educational costs they incurred over those same school years.

13. On or about June 9, 2000, KATHERINE G., through counsel, filed for a due process hearing. On or about June 13, 2000, DISTRICT, through counsel, filed for a due process hearing. The matters were consolidated.  A hearing was held on August 10, 11, and 31, September 1, 11, 12, 25, 28 and October 12, 16, and 17, 2000.  The Hearing Officer rendered a decision on January 5, 2001.

14. Plaintiff prevailed on the issues concerning the 1999-2000 school year.  Plaintiff was awarded monetary reimbursement from the Defendants.

15. Plaintiff filed an appeal of the Hearing Officer's decision as an original action in the Northern District Court, for California, appealing the decision with respect to the 2000 summer and the 2000-2001 school year.

---

[1]  Presently this process is run by the California Office of Administrative Hearings.

16. Defendants filed a counter-appeal, appealing the issues concerning the 1999-2000 school year and the award of monetary reimbursement.

17. The Honorable Judge Armstrong issued a final decision on April 11, 2003. The decision affirmed the underlying administrative hearing decision.

18. Plaintiff appealed the decision of the district court to the Court of Appeals for the Ninth Circuit. Once again, Plaintiff appealed only the parts that she had lost on, the 2000 summer and the 2000-2001 school year, including the extended school year.

19. Defendants appealed the District Court's decision regarding the 1999-2000 school year.

20. On October 21, 2004 the Court of Appeal rendered a final decision. The Court of Appeal also affirmed the underlying administrative hearing decision and the decision of the District Court's decision.

21. Through the three steps of litigation Plaintiff prevailed on the 1999-2000 school year at each step of the litigation. Plaintiff was successful in defending against Defendants appeal of the 1999-2000 school year.

22. On or about April 26, 2004, Plaintiff made a fee demand upon Defendants. The total fees and costs in this matter are $109,425.

23. On or about May 30, 2006, Defendants rejected the fee demand.

FIRST CAUSE OF ACTION
(20 U.S.C. §1415(i)(3)(B))

24. Plaintiff realleges paragraphs 1 through 23, inclusive, as set forth above and incorporates the same as if fully set forth herein.

25. A prevailing party to an administrative due process hearing is entitled to recover reasonable attorney fees and costs. (20 U.S.C. §1415(i)(3).) This has been affirmed by *McSomebodies v. Burlingame Elementary School District* (9th Cir. 1989) 886 F. 2d 1558; *McSomebodies (No. 2) v. San Mateo City School District* (9th Cir. 1989) 886 F. 2d 1559. This

principle is extended to the appellate process in IDEA cases. (*Seattle Sch. Dist. No. 1 v. B.S.* (9th Cir. 1996) 82 F.3d 1493; *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell* (9th Cir. 1991) 940 F.2d 1280.)

26.  In this case Plaintiff prevailed on the issues concerning the 1999-2000 school year and Plaintiff's parents recovered reimbursement from the Defendants for their failure to provide Plaintiff with a free appropriate public education.

27.  As the prevailing party under the IDEA, Plaintiff is entitled to recover reasonable attorney's fees and costs, based upon the portion of the case on which Plaintiff was successful, according to proof.  Given the complexity of the legal and factual issues litigated in the case the fees and costs are reasonable.

SECOND CAUSE OF ACTION
(Cal. Educ. Code § 56507(b) & (d))

28.  Plaintiff realleges paragraphs 1 through 27, inclusive, as set forth above and incorporates the same as if fully set forth herein.

29.  Plaintiff is the prevailing party within the meaning of California Education Code Section 56507 (d), as the result of a written decision both at the administrative hearing level and at each appeal level.  As the prevailing party, Plaintiff is entitled to reasonable attorney fees and costs pursuant to California Education Code Section § 56507(b).

30.  Plaintiff is entitled to a reasonable amount of attorney fees and related costs, according to proof.

31.  The attorney fees and costs incurred are reasonable given the complexity of the issues that arose and the manner in which the case unfolded.

PRAYER

WHEREFORE, Plaintiff respectfully prays for the following relief:

1.  For reasonable attorney fees and related costs incurred in the administrative proceedings, and in the proceedings before the district court and the Ninth Circuit, pursuant to 20 U.S.C. §1415(i)(3)(B) and pursuant to California Education Code Section § 56507(b), according to proof.

1       2.   For reasonable attorney fees and costs in bringing and prosecuting this action, as well as,

2   interest on the amount owing from the date of filing;

3       3.   For such other relief as this Court may deem just and proper.

4

5                                                    Respectfully submitted,

6

7   Dated: October 16, 2006                          VARMA & CLANCY
                                                      Attorneys for Plaintiff
8

9

10                                  By:   _____

11                                        Bob N. Varma

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28