VARMA & CLANCY
Attorneys at Law
Bob N. Varma (SBN 173508)
Geralyn M. Clancy (SBN 173401)
5217 Orchid Ranch Way
Elk Grove, CA 95757
Phone: (916) 687-3703
Fax: (916) 687-3706
email: bvarma@varmaclancy.com

Attorneys for
Katherine G.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE G., A minor, By and Through CYNTHIA G., Her Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>KENTFIELD SCHOOL DISTRICT, MARIN COUNTY OFFICE OF EDUCATION, and DOES 1-25,<br><br>Defendants. | CASE NO.<br><br>ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM<br><br>Memorandum of Points and Authorities Contained Herein and Declaration in Support of Application Filed Concurrently Herewith |

On behalf of Plaintiff Katherine G., by and through her Guardian Ad Litem, Cynthia G., Bob N. Varma of Varma & Clancy, counsel for Plaintiff, hereby moves this Court for an order allowing Plaintiff and her Guardian Ad Litem to proceed with this action under the names "Katherine G.." and "Cynthia G.," respectively. This motion is based upon all papers and pleadings filed in this matter, the following memorandum of points and authorities, and the separately filed Declaration of Counsel, which is filed under seal and reveals the full names of Plaintiff and her Guardian Ad Litem.

MEMORANDUM OF POINTS AND AUTHORITIES

The instant case was filed against Defendants KENTFIELD SCHOOL DISTRICT, and MARIN COUNTY OFFICE OF EDUCATION pursuant to the Individuals with Disabilities

1  Education Act (*hereinafter* "IDEA"). (*See generally* 20 U.S.C. §§1400 et seq.). As alleged in the
2  complaint, Plaintiff is an eleven year old child with a disability. Plaintiff and her Guardian Ad Litem
3  wish to proceed with this case under the names "Katherine G." and "Cynthia G.," respectively, so
4  that Plaintiff's privacy rights will be protected.

5  This request is made pursuant to General Order Number 53 of the U.S. District Court for the
6  Northern District of California in compliance with the E-Government Act of 2002.

7  Plaintiff, as a minor and a child with a disability, has a constitutionally and statutorily
8  protected privacy interest in avoiding disclosure of personal matters, such as educational records and
9  medical records. (*See e.g.* Norman-Bloodsaw v. Lawrence Berkeley Laboratory, 138 F.3d 1260,
10  1273-74 (9th Cir. 1998) (constitutional right to privacy).) The statutory protections are guaranteed
11  by the IDEA and the federal regulations promulgated thereunder (34 C.F.R. §§300.560-576
12  (confidentiality of student's records)), as well as the Family Educational Rights and Privacy Act of
13  1974 (*hereinafter* "FERPA"), as amended, Section 1232g(b) of Title 20 of the United States Code
14  and the federal regulations promulgated thereunder, commencing at Section 99.1 of Title 34 of the
15  Code of Federal Regulations (20 U.S.C. §1232g(b); 34 C.F.R. §§ 99.1 *et seq.* (Subparts A and D)).
16  The phrase "personally identifiable information" is defined similarly, both in the IDEA regulations
17  and FERPA regulations, as including the student's name, the student's address, the name of the
18  student's parent or other family member, a personal identifier, such as a social security number or
19  student number, a list of personal characteristics or other information that would make it possible
20  to identify the student. (*See* 34 C.F.R. §300.500 (IDEA); *see also* 34 C.F.R. §99.3 (FERPA).).

21  Defendants will not be prejudiced by allowing Plaintiff to use a pseudonym, because
22  Defendants will be served with the Declaration of Counsel, which identifies the full names of
23  Plaintiff and her Guardian Ad Litem. Defendants have personal knowledge of the identity of
24  Plaintiff and her family and the dispute. Although the public generally has an interest in the actions
25  brought before the federal courts, Plaintiff's privacy interest outweighs the public interest, and the
26  public has no interest in the identity of the named Plaintiff that outweighs the Plaintiff's interest in
27  keeping sensitive information confidential.
28  //

## CONCLUSION

Accordingly, Plaintiff requests that the Court enter an order that Plaintiff and her Guardian Ad Litem may proceed with this action under the names "Katherine G." and "Cynthia G.," respectively.

Respectfully Submitted,

VARMA & CLANCY
Attorneys for Plaintiff Katherine G.

Dated: October 16, 2006            By: _____
                                        Bob N. Varma