Howard A. Friedman, SBN 61187
hfriedman@fagenfriedman.com
Jan E. Tomsky, SBN 173131
jtomsky@fagenfriedman.com
Kimberly A. Smith, SBN 176659
ksmith@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California  90048
Phone: 323-330-6300
Fax: 323-330-6311

Attorneys for Defendants KENTFIELD
SCHOOL DISTRICT and MARIN COUNTY
OFFICE OF EDUCATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| K. G., a minor by CYNTHIA G., Her Guardian Ad Litem,<br><br>Plaintiff,<br><br>vs.<br><br>KENTFIELD SCHOOL DISTRICT, MARIN COUNTY OFFICE OF EDUCATION, and DOES 1-25,<br><br>Defendants. | CASE NO. CV 06-06497 SBA<br><br>**DEFENDANTS KENTFIELD SCHOOL DISTRICT AND MARIN COUNTY OFFICE OF EDUCATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR ATTORNEY'S FEES AND COSTS** |

COMES NOW Defendants KENTFIELD SCHOOL DISTRICT and MARIN COUNTY OFFICE OF EDUCATION ("Defendants"), and for themselves only, answer Plaintiff K.G.,[1] by and through CYNTHIA G.'s ("Plaintiff") Complaint for Attorney's Fees and Costs ("Complaint").

---

[1] Northern District of California Civil Local Rules, Rule 3-17(a)(2) requires that all minor children who are parties to a lawsuit be referred to by their initials only in a pleading or other paper filed in the public file.  Although plaintiff was identified by her first name in the original Complaint, Defendants will refer to her as K.G. in their papers.

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff's action was brought pursuant to Section 1415(i)(3) of Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education Act ("IDEA"). Except as specifically admitted, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Defendants admit all of the allegations contained therein.

3. In response to Paragraph 3 of the Complaint, Defendants admit all of the allegations contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Defendants admit that they are public entities with the capacity to be sued. They further admit that they are required to provide a free appropriate public education ("FAPE") under IDEA within the full meaning of the law and subject to its restrictions, exclusions and limitations. Except as specifically admitted, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendants note that it contains no factual averments to which Defendants must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

7. In response to Paragraph 7 of the Complaint, Defendants note that it contains no factual averments to which Defendants must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

8. In response to Paragraph 8 of the Complaint, Defendants note that it contains no factual averments to which Defendants must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

9. In response to Paragraph 9 of the Complaint, Defendants note that it contains no factual averments to which Defendants must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

10. In response to Paragraph 10 of the Complaint, Defendants admit that the "prevailing party" in an administrative proceedings, as that term is defined by statute and case law, may be entitled to recover reasonable attorney's fees and costs, at the court's discretion. (20 U.S.C. §1415(i)(3)(B).) Except as specifically admitted, and without admitting to anything further, Defendants note that Paragraph 10 contains no factual averments to which Defendants must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

11. In response to Paragraph 11 of the Complaint, Defendants admit that a dispute existed between the Plaintiff and the Defendants regarding the provision of FAPE to K.G. during the 1999-2000 school year, the extended school year term in 2000 and the 2000-2001 school year as set forth in the due process complaint referenced in paragraph 13 of the Complaint. Except as specifically admitted, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants admit that a dispute existed between the Plaintiff and the Defendants regarding the provision of FAPE to K.G. during the 1999-2000 school year, the extended school year term in 2000 and the 2000-2001 school year as set forth in the due process complaint referenced in paragraph 13 of the Complaint. Except as specifically admitted, Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendants admit all of the allegations contained therein.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Plaintiff was awarded some minimal monetary reimbursement from Defendants. Except as specifically admitted, Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants admit all of the allegations contained therein.

16. In response to Paragraph 16 of the Complaint, Defendants admit that they filed a counter-complaint to appeal that portion of the Hearing Officer's decision with respect to the 1999-2000 school year and the extended school year services during the summer of 2000 which went against Defendants. Except as specifically admitted, Defendants deny the allegations contained in paragraph 16 of the Complaint.

DEFENDANTS KENTFIELD SCHOOL DISTRICT AND MARIN COUNTY OFFICE OF EDUCATION'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR ATTORNEY'S FEES AND COSTS

1    17. In response to Paragraph 17 of the Complaint, Defendants admit that the Honorable Judge Saundra B. Armstrong issued a final decision, affirming the decision of the Hearing Officer, on April 7, 2003, not on April 11, 2003 as plead in the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendants admit that Plaintiff appealed the decision of the District Court to the Court of Appeals for the Ninth Circuit regarding the 2000-2001 school year. Except as specifically admitted, Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Defendants appealed the District Court's decision regarding the 1999-2000 school year and the extended school year services during the summer of 2000. Except as specifically admitted, Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendants admit that the Court of Appeals issued a decision on October 21, 2004 that affirmed the District Court decision. Except as specifically admitted, Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Defendants admit that the Hearing Officer found that Defendants had failed to adequately provide opportunities for K.G. to interact with typically developing peers and to discuss the issue with her parents at the annual IEP meeting on May 11, 1999. However, the Hearing Officer resolved all other allegations in the due process complaint in favor of Defendants including various alleged procedural violations and the substantive allegations that K.G. had received inadequate speech and language services, should have received a one-on-one aide in her after-school day care program and should have received consulting services during the 1999-2000 school year. Defendants further admit that the findings of the Hearing Officer were affirmed by the District Court. Except as specifically admitted, Defendants deny the allegations contained in paragraph 21 of the Complaint.

/ / /

/ / /

/ / /

DEFENDANTS KENTFIELD SCHOOL DISTRICT AND MARIN COUNTY OFFICE OF EDUCATION'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR ATTORNEY'S FEES AND COSTS

22. In response to Paragraph 22 of the Complaint, Defendants admit that Plaintiff made a fee demand upon Defendants on April 26, 2006, not April 26, 2004 as plead in the Complaint. Except as specifically admitted, Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants admit all of the allegations contained therein.

## PLAINTIFF'S FIRST "CAUSE OF ACTION"
## (20 U.S.C. § 1415(i)(3)(B))

24. Defendants reallege paragraphs 1 through 23, inclusive, as set forth above and incorporate the same as if fully set forth herein.

25. In response to Paragraph 25 of the Complaint, Defendants admit that the "prevailing party" in an administrative proceeding, as that term is defined by statute and case law, may be entitled to recover reasonable attorney's fees and costs, at the court's discretion.  (20 U.S.C. §1415(i)(3)(B).)  Except as specifically admitted, and without admitting to anything further, Defendants note that Paragraph 25 contains no factual averments to which Defendants must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

26. In response to Paragraph 26 of the Complaint, Defendants admit that the Hearing Officer found that Defendants had failed to adequately provide opportunities for K.G. to interact with typically developing peers and to discuss the issue with her parents at the annual IEP meeting on May 11, 1999.  However, the Hearing Officer resolved all other allegations in the due process complaint in favor of Defendants including various alleged procedural violations and the substantive allegations that K.G. had received inadequate speech and language services, should have received a one-on-one aide in her after-school day care program and should have received consulting services during the 1999-2000 school year.  Defendants further admit that the findings of the Hearing Officer were affirmed by the District Court.  Except as specifically admitted, Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

DEFENDANTS KENTFIELD SCHOOL DISTRICT AND MARIN COUNTY OFFICE OF EDUCATION'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR ATTORNEY'S FEES AND COSTS

**PLAINTIFF'S SECOND "CAUSE OF ACTION"**

**(Cal.Educ. Code § 56507(b) & (d))**

28. Defendants reallege paragraphs 1 through 27, inclusive, as set forth above and incorporate the same as if fully set forth herein.

29. In response to Paragraph 29 of the Complaint, Defendants admit that the "prevailing party" in an administrative proceedings, as that term is defined by statute and case law, may be entitled to recover reasonable attorney's fees and costs, at the court's discretion. (20 U.S.C. §1415(i)(3)(B), as incorporated by Cal.Educ. Code §56507(b).) Except as specifically admitted, Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State A Claim)**

32. Plaintiff's first "Cause of Action" fails to state facts sufficient to support a claim for attorneys fees pursuant to 20 U.S.C. §1415(i)(3)(B).

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State A Claim)**

33. Plaintiff's second "Cause of Action" fails to state facts sufficient to support a claim for attorneys fees pursuant to Cal.Educ. Code §56507(b) & (d).

**THIRD AFFIRMATIVE DEFENSE**

**(Plaintiff Not Prevailing Party)**

34. Plaintiff is not entitled to an award of attorneys fees against Defendants as she was not the prevailing party in the underlying action.

/ / /

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Prevailing Party)

35. Plaintiff is not entitled to an award of attorneys fees against Defendants as Defendants prevailed on all significant issues in the underlying action while Plaintiff prevailed only a single, minor issue.

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Prevailing Party)

36. Plaintiff is not entitled to an award of attorneys fees against Defendants because Plaintiff only received de minimis relief in the underlying action .

## SIXTH AFFIRMATIVE DEFENSE

### (Discharge of Obligation)

37. Plaintiff is barred from relief because, prior to the commencement of this action, Defendants paid, satisfied, or otherwise discharged all duties and obligations arising out of the underlying administrative decision and subsequent appeals.

## SEVENTH AFFIRMATIVE DECISION

### (Damages Not Recoverable)

38. Plaintiff's Complaint seeks damages not properly recoverable against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Other Defenses)

39. Defendants presently have insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendants therefore reserves the right to assert additional affirmative defense in the event discovery indicates it would be appropriate.

/ / /

/ / /

/ / /

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;

2. That Defendants be awarded costs of suit incurred herein; and

3. That Defendants be awarded such other and further relief as the Court my deem just and proper, including, but not limited to, attorneys fees allowed by law.

DATED: January 2, 2007    FAGEN FRIEDMAN & FULFROST, LLP

By:    /s/ Kimberly A. Smith
Kimberly A. Smith
Attorneys for Defendants KENTFIELD SCHOOL DISTICT and MARIN COUNTY OFFICE OF EDUCATION