Bob N. Varma, SBN 173508
bvarma@varmaclancy.com
VARMA & CLANCY
5217 Orchid Ranch Way
Elk Grove, California  95757
Phone: 916-687-3703
Fax: 916-687-3706
*Attorneys for Plaintiff K.G.*

Howard A. Friedman, SBN 61187
hfriedman@fagenfriedman.com
Kimberly A. Smith, SBN 176659
ksmith@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California  90048
Phone: 323-330-6300
Fax: 323-330-6311
*Attorneys for Defendants KENTFIELD SCHOOL DISTRICT AND MARIN COUNTY OFFICE OF EDUCATION*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| K.G., a minor, by and through CYNTHIA G., her Guardian ad Litem,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KENTFIELD SCHOOL DISTRICT, MARIN COUNTY OFFICE OF EDUCATION, and DOES 1-25,<br><br>　　　　Defendants. | CASE NO. C 06-06497 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>[FED.R.CIV.PROC. Rule 26(f)]<br><br>Date:　May 16, 2007<br>Time:　2:30 p.m.<br>Place:　*telephonic* |

1. **JURISDICTION AND SERVICE**

This case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq.  The Court therefore has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331.  All defendants have been served and have appeared in this action.

## 2. FACTS

This case is an action for attorneys fees pursuant to section 1415(i)(3)(B) of the IDEA. Plaintiff, K.G. is a minor child who is a eligible for special education services under the IDEA due to a language disorder. On or about June 9, 2000, K.G. filed for an administrative "due process" hearing with the Special Education Hearing Office ("SEHO"), the administrative agency which was charged with the responsibility of conducting such hearings at that time.[1] On or about June 13, 2000, defendant Kentfield School District ("District") also filed for due process.

The parties took part in a hearing before SEHO over eleven (11) days in August, September and October 2000. At issue at the hearing was whether the District and Marin County Office of Education had provided K.G. with a free appropriate public education ("FAPE"), as required by the IDEA, during the 1999-2000 school year, the 2000 extended school year ("ESY") and the 2000-2001 school year.

Neither of the Defendants made any offer of settlement prior to the commencement of the administrative hearing.

At the hearing, K.G. specifically alleged that Defendants had committed five procedural violations and four substantive violations of the IDEA during the 1999-2000 school year and 2000 ESY. For relief, K.G. sought compensatory educational services, counseling services, additional speech and language services, a one-to-one aide at her afternoon day care facility, ABC Academy ("ABC") and reimbursement for ABC tuition.

On January 5, 2001, the SEHO hearing officer held that Defendants had not committed eight of the nine violations alleged by K.G. Specifically, the hearing officer round that the District had provided K.G. with the services she was entitled to under her Individualized Education Program ("IEP") and adequately discussed and updated K.G.'s goals at her IEP. However, the hearing officer found that the District had failed to discuss mainstreaming opportunities with

---

[1] In 2005, the California Office of Administrative Hearings took over the role of conducting special education administrative ("due process") hearings in California.

K.G.'s family at her IEP.[2] In connection therewith, the hearing officer ordered the Defendants to reimburse K.G. for half of her tuition at ABC, because of the mainstreaming benefits she had received there. The total reimbursement was approximately $1,500.00 and no other relief was awarded. Finally, SEHO also concluded that the District had not denied K.G. FAPE for the 2000-2001 school year.

K.G. appealed the SEHO decision to the United States District Court, pursuant to 20 U.S.C. §1415(i)(2). Defendants then filed a cross-appeal on the issue that had been found against them in the due process proceeding. On April 7, 2003, this Court affirmed the SEHO ruling although it rejected the analytical approach and some of the specific factual findings of the hearing officer. Specifically, this Court held that the failure to *discuss* mainstreaming was not a denial of FAPE but, rather, the failure to provide a mainstreaming opportunity to to K.G. was a denial of FAPE. Therefore, for different reasons, the Court concluded that the District failed to provide K.G. with FAPE for the 1999-2000 school year and 2000 extended school year on the mainstreaming issue and upheld the reimbursement award for half of after-school day care tuition. This Court also held that the District had not not otherwsie denied FAPE for the 1999-2000 school year and 2000 ESY and had not denied FAPE at all for the 2000-2001 school year.

After this Court issued its opinion, the parties again cross-appeared the issues that had been resolved against them to the Ninth Circuit Court of Appeals. On October 21, 2004, the Ninth Circuit issued its decision, affirming the holding of this Court but again, expressing a slightly different rationale. Specifically, the Ninth Circuit emphasized that K.G. had not been provided FAPE in the least restrictive environment for the 1999-2000 school year and 2000 ESY and therefore upheld the half tuition reimbursement ordered by the hearing officer. The Ninth Circuit also found that there were no other violations of IDEA for 1999-2000 and 2000 ESY and that there were no violations for the 2000-2001 school year.

---

[2] The term "mainstreaming" refers to providing opportunities for special education students to spend time and interact with general education students.

### 3. LEGAL ISSUES

Plaintiff is seeking her attorneys fees from the underlying due process litigation, pursuant to the IDEA and California Education Code section 56507. Both the federal and state statutes provide that the prevailing party in a due process proceeding may receive an award of reasonable attorneys fees following the conclusion of the case, including all appeals. 20 U.S.C. §1415(i)(3)(B); Cal.Educ. Code §56507; *see also, Buckhannon Board and Care Home, Inc. v. West Virginia Department of Heath and Human Services*, 532 U.S. 598 (2001), *P.N. ex rel T.N. v. Seattle Sch. Dist. No. 1*, 458 F.3d 983 (9th Cir. 2006). Plaintiff contends that she is the prevailing party in the underlying action based on the finding that she was denied FAPE in the least restrictive environment during the 1999-2000 school year and 2000 ESY. Plaintiff acknowledges that there is an issue for determination by the court as to the extent to which Plaintiff prevailed that may impact the final amount of attorneys fees the court determines as reasonable.

Defendants contend that Plaintiff is not the prevailing party in the underlying matter. Rather, Defendants note the Ninth Circuit's holding that, if a school district has prevailed on "all significant issues" while the student has prevailed only "on some minor issues," the student may not be deemed a "prevailing party" for an award of attorneys fees. *Park v. Anaheim Union High Sch. Dist.*, 444 F.3d 1149, 1157 (9th Cir. 2006). Defendants argue that Plaintiff received only minimal relief on a single issue, rendering her "success" de minimis, and abrogating any entitlement to attorneys' fees.. *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996).

### 4. MOTIONS

To date, no motions have been filed in this matter. Should the parties be unsuccessful in early settlement efforts, counsel plan to file cross-motions for summary judgment on the issue of entitlement to attorneys fees.

/ / /

/ / /

/ / /

## 5. AMENDMENT OF PLEADINGS

The parties have no plans to amend the pleadings to add or dismiss parties, claims or defenses from this action.

## 6. EVIDENCE PRESERVATION

Counsel is unaware of any e-mail, voice mails or any other electronically-recorded material which would be relevant to the issues in this matter. Whether or not Plaintiff is entitled to attorneys fees is a question of law for decision by the Court. If Plaintiff is deemed to be entitled to fees, the reasonableness of those fees will generally be determined from the fee bills which all parties currently possess.

## 7. DISCLOSURES

The parties' initial disclosures must be made on or before May 9, 2007. The parties will comply with this deadline.

## 8. DISCOVERY

The parties have not conducted any discovery to date. Should the cross-motions for summary judgment not resolve this case, the parties would propose the following discovery plan:

| Action | Proposed Completion |
|---|---|
| Completion of written discovery (requests for production of documents, interrogatories) and depositions of non-expert witnesses | October 15, 2007 |
| Disclosure of expert witnesses with Rule 26 reports | November 1, 2007 |
| Completion of expert witness depositions | November 30, 2007 |

## 9. CLASS ACTIONS

This matter is not proceeding as a class action.

**10. RELATED CASES**

There are no active related cases.

**11. RELIEF**

Plaintiff seeks recovery of all reasonable attorneys fees in connection with her underlying due process proceeding, related appeals, and this action in an amount deemed to be reasonable based upon the total amount incurred which is approximately $109,425 plus prejudgment interest.

**12. SETTLEMENT AND ADR**

On April 26, 2007, the parties filed a Notice of Need for ADR Telephone Conference. The parties would like to schedule a settlement conference with a magistrate judge in the hopes of reaching an early settlement of this lawsuit. If the early settlement conference is unsuccessful, the parties remain willing to participate in later settlement conferences at any time before trial in this matter.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to the submission of this matter to a magistrate judge for all further proceedings.

**14. OTHER REFERENCES**

The parties do not believe that this matter is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

As noted in sections 3 and 4 above, the sole legal issue in this case is whether the plaintiff was the prevailing party in the underlying special education due process proceeding such that she is entitled to attorneys fees under the IDEA and California Education Code. This is a question of

law which may be resolved by this Court and the parties intend to file cross-motions for summary judgment on the issue.

If the court were to rule in favor of plaintiff on the issue of entitlement to attorneys' fees, the parties would need then to litigate the reasonable amount of attorneys fees incurred in the underlying action. The parties believe that trial of this issue could proceed as a court trial with all evidence and argument being submitted to the Court via briefs, declarations and documentary evidence.

## 16. EXPEDITED SCHEDULE

The parties believe that this case does not warrant an expedited schedule. However, the parties would recommend that the trial proceed in a streamlined manner as a court trial with submission on briefs, declarations and documentary evidence.

## 17. SCHEDULING

The parties propose the following dates for this matter:

| | |
|---|---|
| Hearing of Dispositive Motions | August 14, 2007 |
| Non-expert Discovery Cut-Off | October 15, 2007 |
| Designation of Experts | November 2, 2007 |
| Expert Discovery Cut-Off | November 30, 2007 |
| Pretrial Conference | January 15, 2007 |
| Trial | February 5, 2007 |

## 18. TRIAL

The parties have agreed to proceed with a court trial, if necessary, on the issue of reasonable attorney fees to which Plaintiff is entitled. The parties believe that this issue could be resolved by the Court based on briefs and witness declarations, if the Court is agreeable.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16, the undersigned attorney for plaintiff certifies that as of this date, other than the named parties, there is no such interested party to report.

As public agencies, the defendants in this action are not required to file a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

DATED: May 3, 2007            VARMA & CLANCY

                              By:   /s/ Bob N. Varma
                                    Bob N. Varma
                                    Attorneys for Plaintiff K.G.

DATED: May 3, 2007            FAGEN FRIEDMAN & FULFROST, LLP

                              By:   /s/ Kimberly A. Smith
                                    Kimberly A. Smith
                                    Attorneys for Defendants KENTFIELD SCHOOL
                                    DISTRICT AND MARIN COUNTY OFFICE OF
                                    EDUCATION

00216.00100/26574.1

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main: 323-330-6300 • Fax: 323-330-6311

7                                    C 06-06497 SBA
JOINT CASE MANAGEMENT STATEMENT