UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE G, et al.,<br><br>      Plaintiff(s),<br><br>  v.<br><br>KENTFIELD SCHOOL DISTRICT, et al.,<br><br>      Defendant(s). | No. C06-6497 BZ<br><br>**ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Updated Joint Case Management Statement is adopted, except as expressly modified by this Order. It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: **Monday, 3/10/2008, 1 day**

Pretrial Conference: **Tuesday, 3/04/2008, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 10/31/2007**

Last Day for Expert Discovery: **Friday, 12/7/2007**

Last Day for Expert Disclosure: **Monday, 11/26/2007**

Close of Non-expert Discovery: **Monday, 11/5/2007**

2. <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute. Exchanging letters or telephone messages about the dispute is insufficient. The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute. Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference. The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this

Court's standing orders regarding motion practice.  Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions.  A Chambers copy of all briefs shall be submitted on a diskette formatted in WordPerfect 6.1, 8, 9, 10 or 13 (Windows), or may be e-mailed to the following address: bzpo@cand.uscourts.gov.

4.   SETTLEMENT

This case has been referred for assignment to a Magistrate Judge to conduct a settlement conference within sixty (60) days of the date of this Order, or as soon thereafter as possible.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

5.   PRETRIAL CONFERENCE

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and

```
 1  file trial briefs, Daubert motions, proposed findings of fact
 2  and conclusions of law, and statements designating excerpts
 3  from discovery that will be offered at trial (specifying the
 4  witness and page and line references); (3) exchange exhibits,
 5  agree on and number a joint set of exhibits and number
 6  separately those exhibits to which the parties cannot agree;
 7  (4) deliver all marked trial exhibits directly to the
 8  courtroom clerk, Ms. Scott; (5) deliver one extra set of all
 9  marked exhibits directly to Chambers; and (6) submit all
10  exhibits in three-ring binders.  Each exhibit shall  be marked
11  with an exhibit label as contained in **Attachment 2**.  The
12  exhibits shall also be separated with correctly marked side
13  tabs so that they are easy to find.
14       No party shall be permitted to call any witness or offer
15  any exhibit in its case in chief that is not disclosed at
16  pretrial, without leave of Court and for good cause.
17       Lead trial counsel for each party shall meet and confer
18  in an effort to resolve all disputes regarding anticipated
19  testimony, witnesses and exhibits.  Not less than ten days
20  prior to the pretrial conference, the parties shall serve and
21  file any objections to witnesses or exhibits or to the
22  qualifications of an expert witness, and any oppositions to
23  Daubert motions.  There shall be no replies.
24       All motions and proposed findings of fact and conclusions
25  of law, and trial briefs shall be accompanied by a floppy
26  diskette containing a copy of the document formatted in
27  WordPerfect 6.1, 8, 9, 10 or 13 (Windows), or may be e-mailed
28  to the following address: bzpo@cand.uscourts.gov.
```

1   At the time of filing the original with the Clerk's
2   Office, two copies of all documents (but only one copy of the
3   exhibits) shall be delivered directly to Chambers (Room 15-
4   6688). Chambers' copies of all pretrial documents shall be
5   three-hole punched at the side, suitable for insertion into
6   standard, three-ring binders.
7   Dated: June 19, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain

      and concise statement of all
      disputed factual issues which
      remain to be decided.
   (C) Agreed Statement. A statement
      assessing whether all or part of
      the action may be presented upon
      an agreed statement of facts.
   (D) Stipulations. A statement of
      stipulations requested or
      proposed for pretrial or trial
      purposes.
 (3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

   (A) Witnesses to be Called. In lieu
      of FRCP 26(a)(3)(A), a list of
      all witnesses likely to be
      called at trial, other than
      solely for impeachment or
      rebuttal, together with a brief
      statement following each name
      describing the substance of the
      testimony to be given.
   (B) Estimate of Trial Time. An
      estimate of the number of court
      days needed for the presentation
      of each party's case, indicating

```
 1                    possible reductions in time
 2                    through proposed stipulations,
 3                    agreed statements of facts, or
 4                    expedited means of presenting
 5                    testimony and exhibits.
 6           (C)      Use of Discovery Responses. In
 7                    lieu of FRCP 26(a)(3)(B), cite
 8                    possible presentation at trial
 9                    of evidence, other than solely
10                    for impeachment or rebuttal,
11                    through use of excerpts from
12                    depositions, from interrogatory
13                    answers, or from responses to
14                    requests for admission.  Counsel
15                    shall state any objections to
16                    use of these materials and that
17                    counsel has conferred respecting
18                    such objections.
19           (D)      Further Discovery or Motions. A
20                    statement of all remaining
21                    motions, including Daubert
22                    motions.
23      (4) **Trial Alternatives and Options.**
24           (A)      Settlement Discussion. A
25                    statement summarizing the status
26                    of settlement negotiations and
27                    indicating whether further
28                    negotiations are likely to be
```

```
                        productive.
             (B)   Amendments, Dismissals. A
                   statement of requested or
                   proposed amendments to pleadings
                   or dismissals of parties, claims
                   or defenses.
             (C)   Bifurcation, Separate Trial of
                   Issues. A statement of whether
                   bifurcation or a separate trial
                   of specific issues is feasible
                   and desired.
     (5) **Miscellaneous.**
   Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive determination.
```

**ATTACHMENT 2**

| | |
|---|---|
| **USDC**<br>Case No. CV06-06497 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV06-06497 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV06-06497 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No.  CV06-06497 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No.  CV06-06497 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV06-06497 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV06-06497 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV06-06497 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV06-06497 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV06-06497 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV06-06497 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV06-06497 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |